**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                                                           :
MALIBU MEDIA, LLC,                                         :
                                                           :     Case No.16-cv-1235
                                                           :     Judge Hellerstein
                         vs.                               :
                                                           :
                                                           :
JOHN DOE subscriber assigned IP address                    :
107.14.54.50                                    :
                         Defendant.             :
---------------------------------------------------------------X


**PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE**

## I.      Introduction

Plaintiff, Malibu Media, respectfully submits the following memorandum in response to this Court's Order to Show Cause.  CM/ECF 5.  This Court previously denied early discovery and denied issuing an order allowing Plaintiff to subpoena Defendant's internet service provider (here Time Warner Cable) to produce the subscriber's name and address as stated in its order and opinion dated July 6, 2015. *See* Order and Opinion, *Malibu Media LLC and v. John Doe*, 15-cv-4369 (AKH) (S.D.N.Y. July 6, 2015). In that order, this Court stated that the case was to proceed in normal fashion.  On June 17, 2016, this Court issued an Order to Show Cause requiring Plaintiff to report why the case has not proceeded in the "normal fashion." CM/ECF 5.  Plaintiff has not been able to proceed in the normal fashion because Plaintiff does not know Defendant's identify. Because the Court denied Plaintiff's Motion to subpoena Defendant's ISP, Plaintiff was not able to ascertain the name and address of the subscriber absent a court order and was therefore not able to amend the complaint and effectuate service.

## II.     Plaintiff Cannot Subpoena the Name of the Internet Subscriber Without A Court Order

Plaintiff contacted the internet service provider Time Warner through its counsel Matthew Murchison at Latham & Watkins LLP. on July 7, 2015 and was informed verbally and in writing that Time Warner as the internet service provider ("ISP")  "in accordance with 47 U.S.C. § 551, will not hand over a subscriber's personally identifiable information in this context absent a court order." *See* hereto as Exhibit 1 e-mail from Mathew Murchison dated July 7, 2015. Mr. Murchison also provided the following e-mail links to the Time Warner web site:

> "http://help.twcable.com/subpoena-compliance.html -see "Information for the Legal Community";
> http://help.twcable.com/lawful-requests-guidelines.html#section21 –see "47 U.S.C.s. 551(c) Protection of subscriber privacy"

http://help.twcable.com/twc privacy notice.html –see- "Disclosure of Information to Governmental Entities and Other Legal Process". *See* Exhibit 1.

In response to this Court's order to show cause dated June 17, 2016, Plaintiff's counsel again received confirmation from Time Warner's attorney that a court order is required before Time Warner can release its subscriber's name or address under it's legal compliance procedure, which states:

"47 U.S.C. §551 (c) Protection of subscriber privacy-

"The federal Cable Privacy Act (the "Act") prohibits a cable operator from disclosing 'personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned ***or a court order***."

*See* e-mail from Mathew Murchison dated June 19, 2016 to Ms. James attaching Time Warner's Compliance Policy attached hereto as Exhibit 2 (*emphasis supplied).*

ISPs are prohibited under the Cable Communications Act from releasing this information without a Court order.  *See* 47 U.S.C. § 551 (c). ("A cable operator may disclose such information if the disclosure is …made pursuant to a court order authorizing such disclosure.")

Because Defendant used the Internet to commit the alleged infringement, Plaintiff only knows Defendant by his Internet Protocol ("IP") address.  Defendant's IP address was assigned to Defendant by Time Warner.  Time Warner is the only company that can provide information on Defendant's identity because Time Warner assigned Defendant his IP address.   The ISPs responsible for assigning any given IP address "know who an address is assigned to and how to

get in contact with them."[1]  ISPs' records "are the only available evidence that allows us to investigate who committed crimes on the Internet.  They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense."[2]

Plaintiff has no other way of learning Defendant's name and address, as ISPs are "statutorily prohibited from proving this information to Malibu absent a court order." *Malibu Media, LLC v. John Doe*, 15-cv-4381 (Keenan) (S.D.N.Y. August 18, 2015) at * 2; *citing* 47 U.S.C. § 551 (c); *Malibu Media, LLC v. Doe*, No. 1:15-cv-01834, 2015 WL 4403407, *4 (S.D.N.Y. July 20, 2015)(Koeltl)("[b]ecause the use of BitTorrent is wholly anonymous with the mere exception that the user must reveal the user's IP address, subpoenaing the ISP, which can use its subscriber logs to connect the identity of one subscriber and a particular IP address, is the only means to obtain identifying information under the circumstances.").   "[T]he Court can think of no other reasonable way of discovering the infringer than by permitting Plaintiff discovery into the identity of Doe." *Voltage Pictures, LLC v. Does*, No. 13-cv-01121, 2013 WL 4028587, *3 (D. Colo. Aug.

---

[1]  *Beginner's Guide to Internet Protocol (IP) Addresses* at p. 4, available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-guide-04mar11-en.pdf.; *American Registry for Internet Numbers Number Resource Policy Manual* at 4.2, available at https://www.arin.net/policy/nrpm.html#four2.

[2]  *See* Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House          Of          Representatives,          (January          2011)          at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf

7, 2013).   Here, because Plaintiff was not granted leave to subpoena Defendant's ISP, Plaintiff could not identify Defendant.

### III.   Plaintiff Was Unable to Amend The Complaint and Effectuate Service Within the 4(m) Deadline

Without learning the Defendant's true identity, Plaintiff could not and did not amend the complaint and therefore was not able to serve the Defendant with process and proceed with this case in the normal fashion within the time to serve under 4(m). *See Malibu Media, LLC v. John Doe*, 15-cv-4381 (Keenan) (S.D.N.Y. August 18, 2015) at p. 2 (Plaintiff has no other way of learning Defendant's name and address, and ISP is statutorily prohibited from proving this information to Malibu absent a court order.); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) ("Ascertaining the identities and residencies of the Doe defendant[ ] is critical to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process." *(quoting Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004)); *John Wiley & Sons, Inc. v. Doe Nos. 1-30,* 284 F.R.D. 185, 191 (S.D.N.Y. 2012)*(same); Malibu Media, LLC v. John Does 1-18*, 2012 WL 8264665, at *6 (E.D. Pa 2012) ("Here, the subpoenaed information is highly critical because its absence prevents the Plaintiff from serving process on the defendants and proceeding with the litigation.").

### IV. Plaintiff Will Dismiss This Action Without Prejudice

For the foregoing reasons, Plaintiff will dismiss the case without prejudice.

Respectfully submitted,

By:   /s/  *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue

5

Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: <u>/s/ Jacqueline M. James</u>